UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Alicia Marie Crowell **Plaintiff(s)**

vs.

ULTA BEAUTY STORE #1014
Deborah Brady **Defendant(s)**

Civil Case No.: 5:17-CV-819(DNH/TWD)

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

FILED JUL 25 2017
Lawrence K. Baerman, Clerk - Syracuse

Plaintiff(s) demand(s) a trial by:  ☒ JURY   ☐ COURT   (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2. Plaintiff: Alicia Marie Crowell

   Address: 2726 Coventry Drive
   Sarasota Florida 34231

   Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: Ulta Beauty #1014

   Official Position: Company

   Address: Destiny USA, Syracuse, New York 13204

b. **Defendant:** Deborah Brady

**Official Position:** District Manager

**Address:** Ulta Beauty
1000 Remington Blvd. Suite 120
Bolingbrook, Il 60440

c. **Defendant:** _____

**Official Position:** _____

**Address:** _____

Additional Defendants may be added on a separate sheet of paper.

4. **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

IN January of 2016, Deborah Brady, District Manager of Ulta Beauty Store #1014 in Destiny USA, Syracuse, New York came into the store where I was the General Manager since June of 2014. We had a meeting regarding the possibility of changing my schedule to closing shifts as I could not depend solely on my girlfriend to take my daughter to doctor's appointments. She immediately got defensive and visibly uncomfortable, repeating "girlfriend"? Ms. Brady took the conversation outside of my store in to the mall common area.

4. Facts (cont) 1

Ms. Brady asked what concerns I had and what she could do to help. I told her that my teenage daughter had fallen into a deep state of depression, stopped attending school, and all activities. I asked Ms. Brady how to apply for FMLA as the meeting became so negative. She stated that my store was "too busy" for me to apply for FMLA. From this day forward until February 12, 2016, Ms. Brady was coming in to my store asking my staff questions about me only on my days off. Her visits were very negative according to my entire staff. Ms. Brady was asking questions of my staff that were about me as a leader and about my personal life.

Ms. Brady, without any previous verbal or written warning in the six and a half years that I had worked for Ulta Beauty, beginning as a Salon Manager in 2010, I was informed that she was pulling out a Personal Performance Plan (PIP). Ms. Brady explained that she would be attending physically or via telephone all weekly manager meetings as to add support for myself and the team. Ms. Brady stated that "I was too nice with my entire team" Ms. Brady attended one meeting via telephone during the entire PIP. Ms. Brady did not set clear goals for the PIP, only stating that I needed to improve the matrix. On multiple occasions when Ms. Brady came to my store for me to sign the PIP, I told her I did not agree with statements she had written. She did not give me the opportunity to write a formal statement. Ms. Brady stated it was required by the company rather I agreed or not, that I must sign the PIP as a condition of my employment. I signed the PIP plans under great distress. I did not want my employment terminated as

4. Facts cont. 2

On 4/15/2016, Ms. Brady, again came in to my store stating I was being seperated from the company. I refused to sign the Final Perforormance Improvement Plan.

I know for a fact that I was wrongfully terminated by Ulta District Manager, Deborah Brady, with great discrimination upond divulging my sexual orientation and medical mental health disability of my teenage daughter. I was employed by Ulta for almost 7 years without one written or verbal disciplinary action. I never used my earned, sick, vactation, or personal days. I was targeted and used as a scapegoat for Ms. Brady and was never given a reason for my termination. The PIP was not implemented or carried through under the procedure of Ulta Beauty. Upon my termination, Ms Brady, held a cofrence call with all store managers where she announced confidential information about my termination.

I sent a formal written complaint to Ulta Beauty's Human Resources Department about my termination and many other cases of harrassment and discrimnation Ms. Brady has practiced on 5/10/2016. Ulta Beauty replied that they take these matters seriously and if they had any concerns, they would contact me. I never heard back from Ulta Beauty. I filed a case with the EEOC based on Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA).

I was given a Right to Sue notice based on these charges on May 2, 2017.

5.                                          **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

### FIRST CAUSE OF ACTION

Title VII of the Civil Rights act of 1964 (Title VII).
I was discriminated against and wrongfully terminated after disclosing my sexual orientation.

### SECOND CAUSE OF ACTION

The Americans with Disabilities Act (ADA.)
I was discriminated against and wrongfully terminated after disclosing confidential mental health disability of my daughter, being denied FMLA application by Deborah Brady.

### THIRD CAUSE OF ACTION

6.   **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief:

with full intent of Continuing to be promoted through Ulta Beauty and retiring at age 62. I respectfully request relief of potential earnings and for pain, suffering, and relocation, cost of living and all financial Burden upon discrimitory termination of $2.5 million US dollars

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 07/21/2017

_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>525-2016-00590 |
|---|---|---|

New York State Division Of Human Rights                                                    and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Alicia Crowell | Home Phone (Incl. Area Code)<br>(315) 236-0966 | Date of Birth |
|---|---|---|

Street Address: 43 Pulaski Street, Mexico, NY 13114

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>ULTA BEAUTY STORE #1014 | No. Employees, Members<br>Unknown | Phone No. (Include Area Code)<br>(315) 476-1237 |
|---|---|---|

Street Address: Destiny USA, Syracuse, NY 13204

DISCRIMINATION BASED ON *(Check appropriate box(es))*:
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-11-2016   Latest: 04-12-2016
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

In or about February 2010, I began employment with Respondent.

Deborah Brady, District Manager, placed me on a Performance Improvement Plan (PIP) after I revealed that my girlfriend was staying at home taking care of my teenage daughter who is disabled. I requested a few closing shifts so that I could take my daughter to doctors' appointments earlier in the day.

On or about April 12, 2016, Brady used the PIP as an excuse to fire me.

I believe that I was disciplined and discharged because of my sexual orientation, in willful violation of Title VII of the Civil Rights Act of 1964, as amended; and because of my association with a disabled individual, in willful violation of Title I of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X *Alicia Crowell*
Date / Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)                     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alicia Crowell<br>2708 Grand Cayman Street<br>Sarasota, FL 34231 | From: | Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2016-00590 | Jeremy M. Boyd,<br>Investigator | (716) 551-3355 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may **not be collectible.**

On behalf of the Commission

_____     MAY 0 2 2017
John E. Thompson,                          *(Date Mailed)*
Local Office Director

Enclosures(s)

cc:  **ULTA BEAUTY STORE**
     c/o Shannon Henderson
     **LITTLER MENDELSON, PC**
     Global Services Center
     2301 McGee Street, Suite 800
     Kansas City, MO 64108

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment; or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.